```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

TAMMIE SHOEMAKE                 *        CIVIL ACTION

VERSUS                          *        NO: 07-2793

ST. PAUL FIRE AND MARINE        *        SECTION: "D"(2)
INS. CO., ET AL
```

## ORDER AND REASONS

On Thursday, March 6, 2008, the court held an Evidentiary Hearing on the issues of Plaintiff's domicile and whether diversity jurisdiction exists. Resolution of these issues is essential for a ruling on the **"Motion to Dismiss Complaint for Lack of Subject Matter Jurisdiction"** (Doc. No. 8) filed by Defendants, Rodney J. Strain (in his capacity as Sheriff of St. Tammany Parish), Mark J. Oster (in his capacity as a deputy employed by Sheriff Strain), and St. Paul Fire and Marine Insurance Company. Plaintiff alleges that she is a citizen and domiciliary of the State of Mississippi, but Defendants maintain that she is a citizen and domiciliary of the State of Louisiana.

The following counsel attended the evidentiary hearing: Tom Discon appeared for Plaintiff, Tammie Shoemake; and Charles Hughs,

Jr. appeared for the Defendants. The parties called no witnesses, but submitted the matter to the court based on the record and the Joint Bench Book of Exhibits submitted at the hearing. Counsel for the parties also gave closing arguments.

Now, having considered the Joint Bench Book of Exhibits, the memoranda and argument of counsel, the record, and the applicable law, the court finds that the domicile of Plaintiff is the State of Mississippi (and not Louisiana, as Defendants argue), and thus the court has diversity jurisdiction as Defendants acknowledge that they are all citizens of the State of Louisiana, with St. Paul, a national insurance company, stepping into the shoes of its insureds.

Here, Plaintiff who asserts diversity jurisdiction, has the burden of proving that jurisdiction does in fact exist. Diversity jurisdiction is determined at the time suit is filed (here, May 4, 2007), not as of the time of the accident giving rise to the suit (here, September 14, 2006). *Teal Energy USA, Inc. V. GT, Inc.*, 369 F.3d 873, 876 n. 5 (5th Cir. 2004).

In *Acridge v. Evangelical Lutheran Good Samartian Socity*, the Fifth Circuit gave the following overview on the general law of domicile:

> A person acquires a "domicile of origin" at birth, and this domicile is presumed to continue absent sufficient evidence of change.

> There is a presumption of continuing domicile that applies whenever a person relocates. In order to defeat the presumption and establish a new domicile (the "domicile of choice"), the person must demonstrate **both (1) residence in a new state, and (2) an intention to remain in that state indefinitely.** There is no durational residency requirement in the establishment of domicile; once presence in the new state and intent are met, the new domicile is instantaneously established.

*Id.* at 448 (citations omitted).

According to deposition testimony given by Plaintiff in another matter, Plaintiff resided with her father in Pearlington, Mississippi, for "a couple of years," until she purchased a home in Waveland, Mississippi in August 2005. (*See* Evidentiary Hrg. Ex. 5, Plaintiff's Deposition in Mississippi litigation, pp. 11-13; *see also See* Evidentiary Hrg. Ex. 2, Property Closing documents for 312 Perron St., Waveland, MS). This was Plaintiff's first time purchase of a home. She moved into this home shortly before Hurricane Katrina struck and devastated portions of the Mississippi Gulf coast region, including the area where Plaintiff's home was located.[1] (*Id.* at 76). The court first finds that Plaintiff

---

[1] Plaintiff was given the keys to her newly purchased home, and she moved into the home on a Friday (August 26, 2005), and Hurricane Katrina hit the following Monday (August 29, 2005). (*See* Evidentiary Hrg. Ex. 5, pp. 75-76, 83).

Plaintiff testified that when she moved in on that Friday, she moved "some antiques and stuff that my dad had gave me finally because I bought my first house." (*Id.* at 76, 138). She also moved in a hope chest, a stereo and a new TV, and she put a down payment for utilities on her new home. (*Id.* at 93, 111).

3

established her domicile (residence plus intention to remain indefinitely) in Mississippi as of August 26, 2005.

Next, the court must decide if Plaintiff subsequently changed her domicile to Louisiana. In determining whether a person has changed her domicile, the court may consider factors such as the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for her family. *Id.* All factors should be weighed equally; "no single factor is determinative." *Id.* Further, "statements of intent, either to remain in a previous domicile or to establish a new one, are 'entitled to little weight' if they conflict with the objective facts." *Id.*

Here, as a result of Hurricane Katrina, Plaintiff's home in Waveland, Mississippi was destroyed on or about August 29, 2005. Plaintiff applied for FEMA assistance and a loan from the Small Business Association, but ultimately had to file suit against the closing company, mortgage company and broker involved with Plaintiff's purchase of her home to obtain the deed on the home.

---

Plaintiff evacuated to Slidell, Louisiana, before the hurricane struck. (*Id.* at 77). Plaintiff had homeowner's coverage on the house. (*Id.* at 93).

4

(*See* Evidentiary Hrg. Ex. 9, FEMA correspondence; Ex. 3, SBA Loan Exs. 6, 12 & 13 related to Plaintiff's Mississippi litigation; and Ex. 1, Warranty Deed for 312 Perron St., Waveland, MS.).

Post-Katrina, Plaintiff has lived at several different addresses (in Florida and Louisiana), and is presently living in Louisiana. Plaintiff has also filed income tax returns for the years 2005 and 2006, listing a Louisiana address. (*See* Evidentiary Hrg. Exs. 14 & 15). Thus, the court finds that Defendants have shown that Plaintiff changed her residence. However, "mere presence in a new location does not effect a change of domicile; it must be accompanied with the requisite intent. In most cases, the difficult issue is not presence but whether the intent to change domicile can be shown." *Coury v. Prot*, 85 F.3d 244, 250 (5th Cir. 1996).

In weighing the totality of circumstances presented by this unique domiciliary case, the court concludes that Plaintiff has satisfied her burden of proving her intent to remain a domicilliary of Mississippi. In the post-Katrina world, it is not uncommon for those who lost their homes (as Plaintiff did) to temporarily live at one or more addresses. Plaintiff also applied for FEMA assistance and a SBA loan based on the destruction of her Mississippi home. She has only recently settled litigation in which she sought the closing documents to support these

5

applications.

Further, Plaintiff has always held a Mississippi driver's license. (*See* Evidentiary Hrg. Ex. 5, p. 11). And, finally, while Plaintiff was employed in Louisiana when she filed this suit, she has been so employed continuously since 1977. So her place of employment is a wash.

Accordingly;

**IT IS ORDERED** that Defendants' **"Motion to Dismiss Complaint for Lack of Subject Matter Jurisdiction**" (Doc. No. 8) be and is hereby **DENIED.**

**IT IS FURTHER ORDERED** that the Courtroom Deputy hold a **Telephone Conference** with counsel of record on **Tuesday, March 18, 2008 at 10:00 a.m.**, to schedule dates for the Trial, Pre-Trial Conference and attendant cut-off dates.

New Orleans, Louisiana, this **7th** day of **March**, **2008.**

                                              A.J. McNAMARA
                                    UNITED STATES DISTRICT JUDGE